## KATE KENNEDY, Respondent, *v.* GEORGE BARANDON AND JOHN BARANDON, Appellants.

*Creditor's bill to reach real estate fraudulently conveyed — sale by sheriff instead of receiver — when proper.*

APPEAL from a judgment of the Special Term, in an action in the nature of a creditor's bill to reach the real estate of the defendant George Barandon, alleged to have been mortgaged and conveyed to the defendant John Barandon, with intent to hinder, delay and defraud the creditors of the former. The court found that the mortgage and conveyance were fraudulent, and gave judgment declaring the same fraudulent and void as against plaintiff and other creditors, and setting the issue aside, and directing that the real estate be sold on execution by the sheriff, and that the judgment of plaintiff and the costs of this action be paid out of the proceeds of the sale, and the surplus be brought into court. The question in the case was purely one of fact.

The court at General Term *held*, that it was the usual, and, it thought, the better practice, in this class of cases, to direct the appointment of a receiver, and a sale by him, but that it was not improper to adjudge that the sale be made on execution by the sheriff. (2 Van Sant. Eq. Pr., 158; *Orr v. Gilmore*, 7 Lans., 345; 5 Wait's Pr., 655.) As it did not appear that there were any other

creditors, the judgment should have only declared the mortgage and conveyance fraudulent and void as to plaintiff's judgment, and directed the sale for the payment of that alone, with the costs.

The provision of the judgment directing that the surplus on the sale be brought into court, was not appropriate to the case made by the pleadings and proofs. ( *Wilder* v. *Keeler*, 3 Paige, 164; *Kerr* v. *Blodgett*, 48 N. Y., .62; Wait's Pr., 653–654.) The judgment was modified by striking out that direction, and, as so modified, affirmed, with costs.

*Edward Van Ness*, for the appellants.

*C. C. Bigelow*, for the respondent.

Opinions by Davis, P. J., and Brady, J.

Daniels, J., concurred.

Judgment, as modified, affirmed.